**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:22-cv-61147-WPD**

DR. TERRY RZEPKOSKI AND KRISTEN
ASSELTA, ON BEHALF OF THE NOVA
UNIVERSITY DEFINED CONTRIBUTION
PLAN, INDIVIDUALLY AND AS A
REPRESENTATIVE OF A CLASS OF
PARTICIPANTS AND BENEFICIARIES,

      Plaintiffs,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,

      Defendant.
_____/

**FOURTH JOINT STATUS REPORT**

Dr. Terry Rzepkoski and Kristen Asselta ("Plaintiffs") and Nova Southeastern University, Inc. ("Defendant") (collectively, the "Parties"), through undersigned counsel, hereby present the following Joint Status Report to the Court:

    1.    Plaintiffs' Complaint was filed on June 16, 2022. [D.E. 1.]

    2.    Defendant was served with the Complaint on June 23, 2022 and its deadline for filing a responsive pleading was July 15, 2022. [D.E. 5.]

    3.    Per Defendant's request, and in the spirit of good faith, Plaintiffs agreed to provide Defendant with an extension to file a responsive pleading. Accordingly, the Parties filed a Joint Motion requesting Defendant's responsive pleading be due by September 12, 2022. [D.E. 5].

    4.    On July 11, 2022, the Court granted the Joint Motion. [D.E. 6.]

5. The Complaint is brought as a class action under the Employee Retirement Income Security Act of 1974 ("ERISA"). Specifically, Plaintiffs' Complaint alleges Defendant breached its fiduciary duties in administering the Nova Southeastern University 401(k) Plan ("Plan").

6. The Plan is governed by a Plan Document which states, "[t]he exhaustion of the claims procedures is mandatory for resolving every claim and dispute arising under this Plan. As to such claims and disputes: (1) no claimant shall be permitted to commence any legal action to recover Plan benefits or to enforce or clarify rights under the Plan under ERISA § 502 or § 510 or under any other provision of law, whether or not statutory, until the claims procedures set forth in Subsections (a) and (b) above have been exhausted in their entirety; and (2) in any such legal action all explicit and all implicit determinations by the Administrator (including, but not limited to, determinations as to whether the claim, or a request for a review of a denied claim, was timely filed) shall be afforded the maximum deference permitted by law." Plan Document, Section 2.10(e).

7. Defendant's position is that this provision establishes a mandatory administrative claims procedure.

8. Plaintiffs' position is that such exhaustion is excusable. However, in the continued spirit of good faith, rather than burdening the Court with heavy briefing on this procedural issue, Plaintiffs agreed to work cooperatively with Defendant to exhaust administrative remedies. The Parties then filed on July 29, 2022, a Joint Motion to Stay until administrative remedies are exhausted. [D.E. 12.]

9. The Court granted the Motion to Stay on July 29, 2022. [D.E. 13] and ordered the parties to provide a status report on the exhaustion of administrative remedies on September 1, 2022 and every ninety (90) days thereafter.

10. The Parties filed a Joint Status Report on September 1, 2022, [D.E. 14.], November 30, 2022 [D.E. 17], and again on January 18, 2023 [D.E. 18].

11. In the interim, Defendant hired another law firm, which is not involved in this litigation, to handle the administrative exhaustion process.

12. Pursuant to the Plan document and the Summary Plan Description ("SPD") the Plan Administrator has ninety (90) days to issue an initial determination as to Plaintiffs' claims, with the option to extend that time period an additional ninety (90) days for special circumstances. That period expired on January 5, 2023, although there is an appeal process (which Plaintiffs reserve the right to challenge the applicability of).

13. Plaintiffs submitted materials to the Plan Administrator for purposes of claim exhaustion and the Plan Administrator, which issued initial determination on December 13, 2022, denying Plaintiffs' claims.

14. Under the Plan, Plaintiffs were required to appeal the initial determination within 60 days. Plaintiffs timely submitted their appeal.

15. Plaintiffs' appeal was denied on April 5, 2023. Thus, the Parties are prepared to commence litigation. As such, the Parties respectfully ask that this Honorable Court lift the current stay.

16. Plaintiffs now desire to file a First Amended Complaint to further streamline the issues in this case. Defendant does not object to the filing of the First Amended Complaint.

17. The Parties propose the following pleading schedule: (1) Plaintiffs be permitted to file a First Amended Complaint on or before May 5, 2023, (2) Defendant will file responsive pleadings forty-five (45) days later on June 19, 2023.

Dated: April 20, 2023.

Respectfully submitted,

By: */s/Brandon J. Hill*
  Brandon J. Hill
  Amanda E. Heystek
  Luis A. Cabassa
  WENZEL FENTON CABASSA, P.A.
  1110 N. Florida Ave. Suite 640
  Tampa, FL 33602
  Tel: 813-379-2560
  Fax: 813-229-8712
  aheystek@wfclaw.com
  lcabassa@wfclaw.com
  bhill@wfclaw.com

*Attorneys for Plaintiff*

By: */s/Valerie L. Hooker*
  Valerie L. Hooker
  JACKSON LEWIS P.C.
  One Biscayne Tower
  2 South Biscayne Boulevard, Suite 3500
  Miami, FL 33131
  Tel: 305-577-7600
  Fax: 305-373-4466
  Valerie.Hooker@jacksonlewis.com

Richard A. Beauchamp
Panza, Maurer & Maynard P.A.
2400 East Commercial Boulevard, Suite 905
Fort Lauderdale, FL 33308
Tel: 954-390-0100
Fax: 954-390-7991
rbeauchamp@panzamaurer.com


Howard Shapiro*
Adam R. Carlisle*
JACKSON LEWIS P.C.
Pan American Life Building
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Tel: 504-208-1755
Fax: 504-208-1759
Howard.Shapiro@jacksonlewis.com
Adam.Carlisle@jacksonlewis.com

Michael E. Holzapfel*
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Tinton Falls, NJ 07724
Tel: 732-532-6148
Fax: 732-842-0301
Michael.Holzapfel@jacksonlewis.com

*Attorneys for Defendant*

*Pro Hac Vice