**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No. 2:22-cv-61147-WPD**

DR. TERRY RZEPKOSKI AND KRISTEN
ASSELTA, ON BEHALF OF THE NOVA
UNIVERSITY DEFINED CONTRIBUTION
PLAN, INDIVIDUALLY AND AS A
REPRESENTATIVE OF A CLASS OF
PARTICIPANTS AND BENEFICIARIES,

        Plaintiffs,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,

        Defendant.

**DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

## **TABLE OF CONTENTS**

I. FACTUAL AND PROCEDURAL BACKGROUND. ........................................................... 1

    A. Events Preceding the Motion for Protective Order. ................................................ 1

    B. The Motion for Protective Order. ............................................................................. 3

    C. The Magistrate Judge's Order. ................................................................................. 3

II. CONCISE STATEMENT OF ERROR. ............................................................................... 4

III. STANDARD OF REVIEW. .................................................................................................. 4

IV. LEGAL ARGUMENT. .......................................................................................................... 4

    A. The Order is Clearly Erroneous. ............................................................................... 4

        i. The Order Ignores the District Court's Prior Ruling and Does Not Resolve the Parties' Discovery Dispute. ............................................... 5

    B. The Magistrate Judge's Order is Contrary to Law. .................................................. 6

        i. The Order Flouts Well-Established Law on the Standard of Review of Administrative Rulings in ERISA Litigation. ............................ 7

        ii. The Order Contravenes the Judicial Policy Underlying Mandatory Exhaustion of Administrative Remedies Before Filing Suit. ................................................................................................ 10

V. CONCLUSION .................................................................................................................... 11

Case No. 2:22-cv-61147-WPD

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Hartwood*,
  589 F. Supp. 2d 1366 (N.D. Ga. 2008) ...............................................................................3, 5

*Agrifolio v. Aetna Life Ins. Co.*,
  Case No: 16-cv-20246-PAS (S.D. Fla. October 19, 2016) ......................................................8

*Ashmore v. NFL Player Disability & Neurocognitive Benefit Plan*,
  2017 U.S. Dist. LEXIS 165461 (S.D. Fla. Sept. 27, 2017) ......................................................8

*Bara-Skowronek v. Cigna Life Ins. Co.*,
  2010 U.S. Dist. LEXIS 157735 (S.D. Fla. Jun. 28, 2010) ........................................................7

*Bickley v. Caremark Rx, Inc.*,
  461 F.3d 1325 (11th Cir. 2006) ...........................................................................................7, 11

*Blake v. Union Camp Int'l Paper*,
  622 F. App'x 853 (11th Cir. 2015) ...........................................................................................7

*Blankenship v. Metro. Life Ins. Co.*,
  644 F.3d 1350 (11th Cir. 2011) ................................................................................................7

*Bloom v. Hartford Life & Accident Ins. Co.*,
  917 F. Supp. 2d 1269 (S.D. Fla. 2013) .............................................................................3, 5, 8

*Bolton v. Inland Fresh Seafood Corp. of Am., Inc.*,
  2023 U.S. Dist. LEXIS 232930 (N.D. Ga. Dec. 5, 2023) .........................................................6

*Byars v. Coca-Cola Co.*,
  2004 U.S. Dist. LEXIS 14362 (N.D. Ga. Mar. 18, 2004) .......................................................10

*Cerrito v. Liberty Life Ins. Co.*,
  209 F.R.D. 663 (M.D. Fla. 2002) .................................................................................. passim

*Croyle v. Prudential Ins. Co. of Am.*,
  2012 U.S. Dist. LEXIS 194129 (S.D. Fla. Dec. 28, 2012) .......................................................8

*Gerardi v. Aetna Life Ins. Co.*,
  2017 U.S. Dist. LEXIS 71660 (S.D. Fla. Mar. 3, 2017) ..................................................2, 5, 7

*Hughes v. Nw. Univ.*,
  595 U.S. 170 (2022) ..................................................................................................................9

*Johnston v. Aetna Life Ins. Co.*,
    282 F. Supp. ..................................................................................................................7

*Johnston v. Aetna Life Ins. Co.*,
    282 F. Supp. 3d 1303 (S.D. Fla. 2017) ..................................................................7, 8

*Krys v. Lufthansa German Airlines*,
    119 F.3d 1515 (11th Cir. 1997) ..........................................................................................4

*Lanfear v. Home Depot, Inc.*,
    536 F.3d 1217 (11th Cir. 2008) ........................................................................................11

*Lopez v. Embry-Riddle Aeronautical Univ., Inc.*,
    2023 WL 7129858 (M.D. Fla. July 12, 2023) ...............................................................9

*Malvaes v. Constellation Brands, Inc.*,
    2015 U.S. Dist. LEXIS 80532 (S.D. Fla. June 22, 2015) ............................................4

*Mason v. Continental Grp., Inc.*,
    763 F.2d 1219 (11th Cir. 1985) ........................................................................................10

*Perrino v. Southern Bell Tel. & Tel. Co.*,
    209 F.3d 1309 (11th Cir. 2000) .......................................................................................10

*Phillips v. Metro. Life Ins. Co.*,
    2008 U.S. Dist. LEXIS 31167 (M.D. Fla. Mar. 31, 2008)..........................................7

*Ramos v. United States Dep't of Agric.*,
    2022 U.S. Dist. LEXIS 196301 (S.D. Fla. Oct. 27, 2022).........................................4

*Stengl v. L3Harris Techs., Inc.*,
    2023 WL 2633333 (M.D. Fla. Mar. 2, 2023) ................................................................9

*Tarigo v. Aetna Life Ins. Co.*,
    2012 U.S. Dist. LEXIS 183800 (S.D. Fla. 2012).........................................................8

*Tibble v. Edison Int'l*,
    575 U.S. 523 (2015)............................................................................................................9

*United States v. Ward*,
    2023 U.S. Dist. LEXIS 205713 (N.D. Ga. Mar. 10, 2023).......................................10

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(i) ......................................................................................................6

Fed. R. Civ. P. 56(d) ..............................................................................................................2, 5

Fed. R. Civ. P. 72(a) ...............................................................................................................1, 4

Local Rule 4 ..............................................................................................................................1

Pursuant to Fed. R. Civ. P. 72(a) and Magistrate Judge Local Rule 4, Defendant Nova Southeastern University, Inc. ("Defendant" or "Nova") respectfully appeals the Order issued by United States Magistrate Judge Hunt entered on January 19, 2024 [ECF No. 68] ("Magistrate Judge's Order") denying Defendant's Motion for Protective Order.  Defendant's motion sought clarification of the scope of discovery in this ERISA class action, where administrative remedies have been exhausted and a deferential standard of review applies.  But the Magistrate Judge's Order provides no guidance on this critical issue, and conflicts with this Court's prior opinion and judicial policy underlying the Eleventh Circuit precedent on exhaustion of administrative remedies.  The District Court should therefore set aside the Magistrate Judge's Order and enter an order limiting discovery to conflict of interest issues – i.e., the so-called "*Cerrito* factors."

I.  **FACTUAL AND PROCEDURAL BACKGROUND.**

　　A.  **Events Preceding the Motion for Protective Order.**

On June 16, 2022, Plaintiffs filed a Class Action Complaint [ECF No. 1] alleging that the fiduciaries of the Nova Southeastern University 401(k) Plan ("Plan") violated ERISA by: (1) imprudently selecting the TIAA-CREF ("TIAA") Lifecycle Funds as the Plan's qualified default investment alternative instead of cheaper, better performing target date funds; and (2) using two Plan recordkeepers instead of one, causing participants to pay excessive recordkeeping fees.[1]  On July 29, 2022, the parties jointly moved to stay these proceedings pending exhaustion of the Plan's administrative remedies, which the District Court granted.  *See* ECF Nos. 12-13.  The two-level Plan claim review process took place over the next nine months.

Plaintiffs filed a purported first-level appeal with the Plan Administrator on July 8, 2022, although that "appeal" was nothing more than a cover letter attaching a copy of the Original Complaint.  *See* ECF No. 30-1.  Over the course of that appeal, Plaintiffs submitted no additional evidence and requested no documents from the Plan Administrator.  *Id.*  Conversely, the Plan Administrator gathered voluminous information and denied the first-level appeal in a twenty-seven-page written opinion dated December 13, 2022.  *See* ECF No. 30-2; *see also* ECF No. 61-1 at Exhibit 4.  The Plan Administrator supported its denial with a detailed administrative record

---

[1]　　The Original Complaint also alleged that the Plan fiduciaries offered other investments in costly share classes when cheaper share classes were available.  During the administrative review procedure, Plaintiffs abandoned this claim.  The operative First Amended Complaint [ECF No. 24] does not raise a share class challenge. also abandons this claim.

1

comprised of fourteen individual categories of evidence consisting of more than 100,000 pages of documents and native Excel files, all produced to Plaintiffs on December 13, 2022.  *See id*.  Plaintiffs then filed a second-level appeal, but again declined to offer or request any additional evidence or information from Defendant.  *See* ECF No. 30-3.  Because Plaintiffs' second-level appeal offered nothing new, and was not supported by any evidence, documents, or requests for documents or evidence, the Plan Administrator denied the appeal in another seventeen-page opinion dated April 5, 2023.  *See* ECF No. 30-4; *see also* ECF No. 61-1 at Exhibit 5.

After exhausting administrative appeals, Plaintiffs filed the First Amended Complaint ("FAC").  ECF No. 24.  Defendant responded to the FAC with an answer and motion for summary judgment based on the administrative record.  *See* ECF Nos. 27, 28, 29, 30, 34 (sealed), 35 (sealed).  Plaintiffs responded to the motion for summary judgment with an application under Fed. R. Civ. P. 56(d), arguing that summary judgment was premature without additional merits discovery.  *See* ECF No. 49.  Simultaneously with their application, Plaintiffs also served Nova with contention interrogatories, thirty-seven individual requests for the production of documents, and a Rule 30(b)(6) deposition notice with seventeen specified areas of inquiry.  *See* ECF No. 61-1 at Exhibits 1, 2, and 3.

Nova opposed Plaintiffs' Rule 56(d) application.  *See* ECF No. 53.  In their opposition, Nova cited pertinent Eleventh Circuit precedent holding that the purpose of ERISA's plan exhaustion requirement – which applies with equal force to Section 502(a)(2) class actions as it does to a Section 502(a)(1)(B) individual actions for benefits – is to minimize litigation expenses and streamline the ultimate disposition of ERISA lawsuits.  Because Plaintiffs never disputed the completeness of the administrative record, Defendant argued the matter was ripe for summary judgment based on the law and the facts contained in the administrative record.

In its opinion dated September 25, 2023  [ECF No. 55] ("District Court Opinion"), this Court granted Plaintiffs' Rule 56(d) application and denied Nova's motion for summary judgment without prejudice as premature.  The Court found that "*some limited* discovery beyond the administrative record *may* be appropriate in this action."  *District Court Opinion*, p. 5 (emphasis added).  The cases this Court cited for this proposition were all cases where courts permitted narrow discovery into whether the fiduciaries operated under a conflict of interest in rendering their appeal determinations, with the scope of discovery being governed by the so-called *Cerrito* factors.  *See id*. p. 4-5 (citing *Gerardi v. Aetna Life Ins. Co.*, 2017 U.S. Dist. LEXIS 71660, at *3

(S.D. Fla. Mar. 3, 2017); *Bloom v. Hartford Life & Accident Ins. Co.*, 917 F. Supp. 2d 1269, 1278 (S.D. Fla. 2013); *Adams v. Hartwood*, 589 F. Supp. 2d 1366, 1367 (N.D. Ga. 2008); *Cerrito v. Liberty Life Ins. Co.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002)).

The Court "[did] not attempt to delineate the parameters" of Plaintiffs' discovery in the District Court Opinion. *District Court Opinion*, p. 5. Instead, the Court directed the parties to meet and confer, then file a motion for a protective order with the Magistrate Judge. *Id.* The Court held that "[i]f the Magistrate concludes that all of Plaintiffs' discovery requests exceed the scope of permissible discovery or that the Court must confine its review to the administrative record, Defendant may re-file its summary judgment motion." *Id.*, p. 4-5 n.4.

**B. The Motion for Protective Order.**

The parties met and conferred on October 19, 2023 and November 14, 2023 but were unable to resolve the discovery dispute. ECF No. 61. Defendant filed its Motion for Protective Order on November 20, 2023, arguing that, under the applicable ERISA standard of review and the judicial policy underlying mandatory exhaustion of administrative remedies, Plaintiffs are entitled only to conflict-of-interest discovery. *Id.* Plaintiffs filed an untimely opposition brief, arguing that that they are entitled to start from scratch with full blown merits discovery. ECF No. 64. Defendant filed a reply brief on December 7, 2023. ECF No. 65. On December 20, 2023, the Magistrate Judge conducted a hearing on the Motion for Protective Order via Zoom. ECF. Nos. 66-67.

**C.     The Magistrate Judge's Order.**

On January 19, 2024, the Magistrate Judge denied Defendant's Motion for Protective Order. The Magistrate Judge's Order acknowledged the District Court Opinion's holding that "some limited discovery beyond the administrative record may be appropriate in this action." The Magistrate Judge's Order further acknowledged the Magistrate Judge's obligation to set the parameters of discovery. *Id.* at p. 2. Finally, the Magistrate Judge's Order also accurately summarized the parties' respective positions, in that Defendant contends discovery should be limited to the *Cerrito* factors, while Plaintiffs contend they are entitled to full-blown merits discovery. *Id.*

Despite these acknowledgments, the Magistrate Judge's Order did not follow the District Court Opinion or establish the parameters of permissible discovery. Instead, the Magistrate Judge's Order provided only that "[a]lthough perhaps not entitled to full-blown merits discovery,

3

Plaintiffs should nonetheless be allowed to inquire as to the rationales and justifications underlying the decisions at issue." ECF No. 68, p. 4-5. The Magistrate Judge's Order does not elaborate on the distinction between "full-blown merits discovery" and inquiries into "the rationales and justifications underlying the decisions" challenged in the FAC. *Id.* The Magistrate Judge's Order also makes no determination of the appropriate standard by which the District Court should evaluate the administrative ruling in this matter, despite acknowledging the impact of this determination on the scope of discovery. *Id.*

## II. CONCISE STATEMENT OF ERROR.

The Magistrate Judge erred in issuing an order that did not limit the scope of discovery to the *Cerrito* factors dealing with conflicts of interest.

## III. STANDARD OF REVIEW.

Federal Rule of Civil Procedure 72(a) provides that a District Court may reverse and set aside a Magistrate Judge's non-dispositive order if "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Malvaes v. Constellation Brands, Inc.*, 2015 U.S. Dist. LEXIS 80532, at *2 (S.D. Fla. June 22, 2015). An order is "clearly erroneous" if the District Court, "after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ramos v. United States Dep't of Agric.*, 2022 U.S. Dist. LEXIS 196301, at *5 (S.D. Fla. Oct. 27, 2022) (citations omitted).

Defendant recognizes that the "clearly erroneous or contrary to law" standard is deferential. Deference notwithstanding, the Magistrate Judge's Order warrants reversal under either the "clearly erroneous" or the "contrary to law" prong.

## IV. LEGAL ARGUMENT.

### A. The Order is Clearly Erroneous.

The Magistrate Judge's Order is clearly erroneous because it offers no guidance on the scope of discovery, does not account for the deferential standard of review that applies, and ignores the interaction between discovery and the Eleventh Circuit's pronouncement that ERISA's exhaustion of administrative remedies requirement applies to class actions of this sort. The Magistrate Judge's ambiguous ruling also ignores the District Court's instruction that only "*some limited* discovery *beyond* the administrative record" may be appropriate. The District Court should

4

therefore vacate the Magistrate Judge's Order and issue a protective order limiting Plaintiffs to conflict of interest discovery, as measured by the *Cerrito* factors.

### i.   The Order Ignores the District Court's Prior Ruling and Does Not Resolve the Parties' Discovery Dispute.

In granting Plaintiffs' Rule 56(d) application, this Court found that "some limited discovery beyond the administrative record" *may* be appropriate. To provide guidance for what it meant, this Court cited cases permitting narrow discovery into whether plan fiduciaries operated under a conflict of interest in rendering their appeal determinations. *See District Court Opinion*, p. 4-5 (citing *Gerardi*, 2017 U.S. Dist. LEXIS 71660, at *3; *Bloom*, 917 F. Supp. 2d at 1278; *Adams v. Hartwood*, 589 F. Supp. 2d 1366, 1367 (N.D. Ga. 2008); *Cerrito v. Liberty Life Ins. Co.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002)). As to just how much discovery beyond the administrative record Plaintiffs may proceed, this Court directed Nova to take the issue up with the Magistrate Judge on a motion for a protective order.

Despite the District Court's findings, the Magistrate Judge failed to reconcile the parties' discovery dispute with the District Court Opinion. Though the Magistrate Judge recognized the application of the "arbitrary and capricious" standard to this lawsuit, and that that standard generally allows only "limited" discovery, the Magistrate's Judge's Order does not further elaborate. *Magistrate Judge's Order*, p. 2. Instead, the Magistrate Judge referenced a handful of cases discussing the general principle that fiduciaries have a duty to monitor plan investments and remove imprudent ones. *See Magistrate Judge's Order*, p. 3-4. Nobody disagrees with this principle, but it has nothing to do with the discovery issue this Court directed the Magistrate Judge to resolve.

Despite the District Court's instruction that the parties determine the bounds of applicable discovery with a motion for protective order, the Magistrate Judge failed to resolve the party's discovery dispute. On contrary, the Magistrate Judge's Order only confused matters. The Magistrate Judge *concurred* with the District Court and Nova that Plaintiffs are "not entitled to full-blown merits discovery," but at the same time held that the *Cerrito* factors should not confine discovery – at least not entirely. *Magistrate Judge's Order*, p. 5. Yet, the Magistrate Judge provided no guidance as to what discovery Plaintiffs *are* entitled to.

The Magistrate Judge concluded only (in the final sentence of its opinion) that Plaintiffs should be entitled to inquire as to "rationales and justifications" for the underlying decisions at

5

issue. This comment clarifies nothing. *Id.* Where the Magistrate Judge draws the line between "full-blown merits discovery" and inquiries as to "rationales and justifications" is inscrutable at best. Just how deeply into the fiduciaries' "rationales and justifications" are Plaintiffs allowed to proceed?

The Magistrate Judge's Order also makes no provisions to prevent unnecessary and cumulative discovery. As noted in Nova's motion for a protective order, Plaintiffs' discovery demands were unreasonably cumulative and duplicative under Fed. R. Civ. P. 26(b)(2)(C)(i) because Plaintiffs sought the same documentary evidence Nova has already produced as part of the administrative record. *See* ECF No. 61, p. 8-9. In deciding that "some limited discovery *beyond*" (i.e., in addition to) the administrative record may be appropriate, this Court clearly found that the administrative record must at least be *considered*. But the Magistrate Judge did not offer any guidance as to how far "beyond" the record the parties may proceed. In the face of the Magistrate Judge's Order, must Nova produce the same documents twice? Notably, throughout the entire protective order motion process, not *once* did Plaintiffs attempt to explain what the qualifying words "some limited discovery" meant. Unfortunately, the Magistrate Judge did not provide an explanation either.

In sum, the Magistrate Judge's Order only created ambiguity. On the one hand, the Magistrate Judge agreed that Plaintiffs are not entitled to full-blown merits discovery, but on the other hand the Magistrate Judge denied Nova's motion for a protective order without offering any specifics as to just how far beyond the administrative record Plaintiffs may proceed. Because the Magistrate Judge's Order raises far more questions than it answers, it invokes a "definite and firm conviction" that the Magistrate Judge made a mistake, thereby rendering his decision "clearly erroneous."

### B. The Magistrate Judge's Order is Contrary to Law.

The Magistrate Judge did not simply "misapply relevant case law," he ignored it. In the Eleventh Circuit, "[t]he exhaustion requirement applies to both claims for benefits and claims for violation of ERISA itself." *Bolton v. Inland Fresh Seafood Corp. of Am., Inc.*, 2023 U.S. Dist. LEXIS 232930, at *7 (N.D. Ga. Dec. 5, 2023) (citations omitted). During oral argument, Plaintiffs' counsel lamented this requirement, noting that the Eleventh Circuit is the only Court of Appeals to impose it. Like it or not, however, the Eleventh Circuit has spoken, and it is settled law in this circuit that ERISA's exhaustion requirement applies to fiduciary breach class actions

6

under Section 502(a)(2) just as it applies to benefits actions under Section 502(a)(1)(B). *See Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1327 (11th Cir. 2006).

The Magistrate Judge's Order ignores the implications of the Eleventh Circuit precedent. The Magistrate Judge departed from the relevant case law in this Circuit and the judicial policy underlying mandatory exhaustion of administrative remedies. The Magistrate Judge's Order does not analyze the relevant cases or policy considerations, both of which call for a restriction of discovery in this action to inquiries into the existence and impacts of conflicts of interest held by the administrative decisionmakers.

### i.  The Order Flouts Well-Established Law on the Standard of Review of Administrative Rulings in ERISA Litigation.

As this Court recognized, judicial review of administrative proceedings in ERISA cases follows one of three standards of review. *District Court Opinion*, p. 4-5. To date, Plaintiffs have not denied that the Plan Administrator has discretion to interpret and apply Plan terms. Thus, arbitrary and capricious review applies. *See Phillips v. Metro. Life Ins. Co.*, 2008 U.S. Dist. LEXIS 31167, at *3 (M.D. Fla. Mar. 31, 2008) (citations omitted); *see also Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1355 (11th Cir. 2011). And Nova has conceded that "heightened" arbitrary and capricious review applies here because of a conflict of interest – i.e., the Plan Committee sat in review of its own fiduciary acts. *Id.*; *see also* ECF No. 61.

But even under a heightened arbitrary and capricious standard of review, the existence of a conflict of interest "should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Bara-Skowronek v. Cigna Life Ins. Co.,* 2010 U.S. Dist. LEXIS 157735, at *5 (S.D. Fla. Jun. 28, 2010) (citations omitted). The focus is on the nature and integrity of the administrator's decision-making process. *See Blankenship*, 644 F.3d at 1355; *Blake v. Union Camp Int'l Paper*, 622 F. App'x 853, 856 (11th Cir. 2015); *Gerardi*, 2017 U.S. Dist. LEXIS 71660, at *6; *Johnston v. Aetna Life Ins. Co.*, 282 F. Supp. 3d 1303, 1313 (S.D. Fla. 2017). Further, "the mere fact that a structural conflict might exist does not give a plaintiff challenging a benefits denial *carte blanche* rights to probe into every aspect of the decision." *Johnston v. Aetna Life Ins. Co.*, 282 F. Supp. at 1313. It remains the case that "evidence outside the administrative record cannot be used to reverse an ERISA plan administrator's denial decision." *See Bara-Skowronek*, 2010 U.S. Dist. LEXIS 157735, at *5-6.

A plaintiff is not necessarily foreclosed from taking *any* discovery, but discovery is limited to topics germane to conflicts of interest that may have impacted the decision-making process. *See Croyle v. Prudential Ins. Co. of Am.*, 2012 U.S. Dist. LEXIS 194129, at *5 (S.D. Fla. Dec. 28, 2012) ("The existence of a conflict of interest however does not necessarily permit the plaintiff to conduct broad discovery. Instead, any allowed discovery must focus on evidence that is relevant to the self-interest issues in the decision-making process.") (citations omitted). Discovery into the *merits* of the administrator's determination (here, the determination of the prudence of the Defendant's selection of the TIAA Lifecycle Funds and the Plan's use of two recordkeepers) is prohibited. *See Coyle*, 2012 U.S. Dist. LEXIS 194129, at *7-8 (collecting cases); *Bloom*, 917 F. Supp. 2d at 1278 (citations omitted).

This Court recognized the limitations imposed by the applicable standard of review in finding that "some *limited* discovery beyond the administrative record may be appropriate in this action." *District Court Opinion*, p. 5. To contextualize what "some limited discovery beyond the administrative record" meant, this Court cited cases permitting discovery related to conflicts of interest under the *Cerrito* factors. *Id*., p. 4-5. The *Cerrito* factors articulated five categories of discovery beyond the administrative record that may be conducted: (1) the exact nature of the information considered by the fiduciary in making the decision; (2) whether the fiduciary was competent to evaluate the information in the administrative record; (3) how the fiduciary reached its decision; (4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and (5) to determine whether a conflict of interest existed. *Cerrito*, 209 F.R.D. at 664. The Southern District of Florida uses this factors as guidelines to limit discovery in ERISA cases where the arbitrary and capricious standard applies. *See Johnston*, 282 F. Supp. 3d at 1308 (citing *Ashmore v. NFL Player Disability & Neurocognitive Benefit Plan*, 2017 U.S. Dist. LEXIS 165461 (S.D. Fla. Sept. 27, 2017)); *Agrifolio v. Aetna Life Ins. Co.*, Case No: 16-cv-20246-PAS (S.D. Fla. October 19, 2016); *Bloom*, 917 F. Supp. 2d 1269; *Tarigo v. Aetna Life Ins. Co.*, 2012 U.S. Dist. LEXIS 183800 (S.D. Fla. 2012).

But the Magistrate Judge's Order made only a passing reference to this body of case law. The Magistrate Judge's Order notes that "[Defendant's argument regarding the standard of review] is important because in ERISA cases where the arbitrary and capricious standard applies, discovery is generally limited to certain factors commonly referred to as the *Cerrito* factors, following

8

*Cerrito v. Liberty Life Ins. Co.,* 209 F.R.D. 663 (M.D. Fla. 2002)." But the Magistrate Judge's Order otherwise disregarded the foregoing precedent, and in the process ignored this Court's prior holding. The Magistrate Judge's Order did not examine the applicable standard of review despite recognizing that issue as "important," did not offer any explanation for why the *Cerrito* factors should not be applied here, and did not articulate any alternative framework for limiting the scope of discovery.

Rather than apply the relevant case law from this Circuit, the Order referenced several cases addressing generally the non-controversial principle that a fiduciary has a continuing duty to monitor plan investments. *Magistrate Judge's Order*, p. 3-4 (citing *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015); *Lopez v. Embry-Riddle Aeronautical Univ., Inc.,* 2023 WL 7129858, at *10 (M.D. Fla. July 12, 2023); *Hughes v. Nw. Univ.,* 595 U.S. 170, 177 (2022); *Stengl v. L3Harris Techs., Inc.,* , 2023 WL 2633333, at *13 (M.D. Fla. Mar. 2, 2023)). Again, Nova does not disagree with this principle, but the cases the Magistrate Judge cited do not address the scope of discovery appropriate for ERISA litigation following exhaustion of administrative remedies.

At most, the *Lopez* court touched on the issue of discovery in denying a motion to dismiss without issuing any significant rulings. The parties in *Lopez* made no arguments regarding the applicable standard of review or scope of discovery in light of the administrative record; the only question before the court was whether the plaintiff had alleged a valid claim. *See* Defendant Embry-Riddle Aeronautical University, Inc.'s Mot. to Dismiss Plaintiff's Class Action Compl. and Incorporated Mem. of Law, *Lopez v. Embry-Riddle Aeronautical Univ., Inc.,* No. 6:22-CV-1580-PGB-LHP (M.D. Fla. Dec. 23 2022), ECF. No. 23. The court found that the defendant's objections to the plaintiff's allegations called for fact-intensive inquiries, which could not be made on a motion to dismiss when the court could not evaluate evidence. 2023 U.S. Dist. LEXIS 197183, at *28. The *Lopez* court noted that "[c]ertain information would likely assist the Court in determining whether Defendant more likely breached its duty" and called for the parties to "engage in discovery to resolve these fact-intensive questions." *Id.* at *29. This determination was made solely on a review of the pleadings, without any consideration for the administrative record or to the applicable standard of review for the administrative determination that preceded the lawsuit. *Id.*

*Lopez*, like the other cases cited by the Magistrate Judge, offers no guidance for setting appropriate boundaries on discovery past the motion to dismiss stage. Yet, the Magistrate Judge relied on these cases to deviate from the Eleventh Circuit authority and this Court's instruction.

9

The resulting Order can only be called contrary to law, and this Court should reverse the Order on these grounds.

### ii. The Order Contravenes the Judicial Policy Underlying Mandatory Exhaustion of Administrative Remedies Before Filing Suit.

As Defendant noted in the Motion for Protective Order, ECF No. 61, open-ended discovery defeats the judicial policy underlying the Eleventh Circuit's mandatory exhaustion of administrative remedies for ERISA claims. The reason the Eleventh Circuit applies the exhaustion requirement to benefits and fiduciary claims alike is because exhaustion "reduce[s] the number of frivolous lawsuits under ERISA, minimize[s] the cost of dispute resolution, enhance[s] the plan's [fiduciaries'] ability to carry out their fiduciary duties expertly and efficiently by preventing premature judicial intervention in the decision-making process, and allow[s] prior fully considered actions by pension plan trustees to assist courts if the dispute is eventually litigated." *Mason v. Continental Grp., Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985), *accord Perrino v. Southern Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). Indeed, not only is exhaustion a requirement in ERISA actions, but the Eleventh Circuit applies it "in strict fashion and is disinclined to excuse its compliance." *See, e.g., Byars v. Coca-Cola Co.,* 2004 U.S. Dist. LEXIS 14362, at *10 (N.D. Ga. Mar. 18, 2004) (citing *Perrino,* 209 F.3d at 1315-16).

The Magistrate Judge gave no consideration to this policy or Defendant's arguments, an omission that warrants reversal of the Magistrate Judge's Order. *See United States v. Ward*, 2023 U.S. Dist. LEXIS 205713, at *46 (N.D. Ga. Mar. 10, 2023) (vacating magistrate's denial of protective order because, in part, the magistrate did not consider a party's argument that weighed in favor of issuing a protective order). This Court stayed this lawsuit for nearly a year specifically because it recognized the Eleventh Circuit's strict adherence to the exhaustion requirement. Nova took the Court's directive seriously, investing considerable time and expense compiling a painstakingly detailed administrative record providing Plaintiffs with virtually every document a participant could want or need, providing complete and total transparency into the fiduciary claims process. *See* ECF No. 30-1 to 30-37. Conversely, Plaintiffs cavalierly disregarded the administrative process as though it meant nothing at all.

Although given ample opportunity to both present their own evidence and request additional evidence from the Plan Administrator, Plaintiffs opted to produce no evidence and request no other information. Plaintiffs simply treated the exhaustion process as though it was an

immaterial procedural step with a "do-over" option at the end if the process proved unfruitful. Plaintiffs' approach would render the administrative exhaustion requirement toothless – merely a procedural hurdle for plaintiffs and a waste of resources for defendants who, like Nova, attempt to engage in good faith only to face cumulative discovery requests once litigation begins.

By effectively condoning Plaintiffs' minimalist approach to the exhaustion requirement and permitting them to start from scratch, the Magistrate Judge disregarded well-established Eleventh Circuit precedent. The Magistrate Judge's Order adopts an approach that discourages parties from seriously engaging with pretrial administrative review, lest they incur additional expense to conduct investigations and productions that will count for nothing in litigation. Such a result cannot be what the law requires, nor can it be what this Court intended when it stayed these proceedings to allow the administrative process to unfold. This Court should therefore reverse the Magistrate Judge's Order as contrary to law.

## V.     CONCLUSION

In sum, the Eleventh Circuit has spoken. ERISA's exhaustion requirement applies to actions for fiduciary breach in the same manner as it applies to actions for benefits. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1220-23 (11th Cir. 2008); *Bickley*, 461 F.3d at 1327. The purpose of exhaustion is to allow the parties to compile an administrative record for judicial review. That process has to mean something. This Court, following applicable precedent, recognized that discovery should be confined to the *Cerrito* factors. The Magistrate Judge's Order is not faithful either Eleventh Circuit precedent or the District Court opinion. Accordingly, this Court should reverse the Magistrate Judge's Order and issue a protective order limiting discovery to inquiries regarding conflicts of interest under the *Cerrito* factors.

Dated: February 2, 2024                               Respectfully submitted,

                                                      *s/ Valerie L. Hooker*
                                                      Valerie L. Hooker, Esq.
                                                      Florida Bar No. 113688
                                                      Email:  Valerie.Hooker@jacksonlewis.com
                                                      JACKSON LEWIS P.C.
                                                      One Biscayne Tower, Suite 3500
                                                      2 South Biscayne Boulevard
                                                      Miami, Florida 33131
                                                      Telephone: (305) 577-7600
                                                      Facsimile: (305) 373-4466

Case No. 2:22-cv-61147-WPD

*s/ Howard Shapiro*
Howard Shapiro, Esq.*
Email:  Howard.Shapiro@jacksonlewis.com
Adam R. Carlisle, Esq.*
Email:  Adam.Carlisle@jacksonlewis.com
Alex E. Hotard, Esq.*
Email:  Alex.Hotard@jacksonlewis.com
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

*s/ Michael E. Holzapfel*
Michael E. Holzapfel, Esq.*
Email:  Michael.Holzapfel@jacksonlewis.com
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Tinton Falls, NJ 07724
Telephone: 732-532-6148
Facsimile: 732-842-0301

-and-

Richard A. Beauchamp, Esq.
Florida Bar No. 471313
Email:  rbeauchamp@panzamaurer.com
Panza, Maurer & Maynard P.A.
2400 East Commercial Boulevard Suite 905
Fort Lauderdale, FL 33308
Telephone: (954) 390-0100
*Attorneys for Defendant*
*Admitted *Pro Hac Vice*

12

Case No. 2:22-cv-61147-WPD

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3) of the U.S. District Court for the Southern District of Florida, counsel for Plaintiffs and Defendant met and conferred multiple times regarding the subject matter of the instant appeal, namely the scope of discovery. These meetings occurred on October 19, 2023, and November 14, 2023 via Microsoft Teams, in connection with the order from which Defendant files the instant appeal. Counsel also met and conferred regarding the instant appeal on January 13, 2024 (via email) and January 25, 2024 (via telephone). Despite counsel's good faith efforts, they have been unable to resolve their dispute as to this issue.

*s/ Valerie L. Hooker*
Valerie L. Hooker, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document is being filed on February 2, 2024, on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Valerie L. Hooker*
Valerie L. Hooker, Esq.

Case No. 2:22-cv-61147-WPD

**SERVICE LIST**

Brandon J. Hill
Florida Bar No. 37061
Email: *bhill@wfclaw.com*
Luis A. Cabassa
Florida Bar No. 0053643
Email: *lcabassa@wfclaw.com*
Amanda E. Heystek
Florida Bar No. 0285020
Email: *aheystek@wfclaw.com*
Wenzel Fenton Cabassa, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Telephone: (813) 224-0431
*Counsel for Plaintiff*

Valerie L. Hooker, Esq.
Florida Bar No. 113688
Email: *Valerie.Hooker@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

Howard Shapiro, Esq.*
Email: *Howard.Shapiro@jacksonlewis.com*
Adam R. Carlisle, Esq.*
Email: *Adam.Carlisle@jacksonlewis.com*
Alex E. Hotard, Esq.*
Email: *Alex.Hotard@jacksonlewis.com*
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

Michael E. Holzapfel, Esq.*
Email: *Michael.Holzapfel@jacksonlewis.com*
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Tinton Falls, NJ 07724
Telephone: 732-532-6148
Facsimile: 732-842-0301

-and-

Richard A. Beauchamp, Esq.
Florida Bar No. 471313
Email: rbeauchamp@panzamaurer.com
PANZA MAURER
2400 East Commercial Boulevard
Suite 905
Fort Lauderdale, FL 33308
Telephone: (954) 390-0100
*Counsel for Defendant*
*Admitted Pro Hac Vice

4895-7662-7106, v. 1