**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**Case No. 0:22-cv-61147-WPD**

DR. TERRY RZEPKOSKI AND KRISTEN
ASSELTA, ON BEHALF OF THE NOVA
UNIVERSITY DEFINED CONTRIBUTION
PLAN, INDIVIDUALLY AND AS A
REPRESENTATIVE OF A CLASS OF
PARTICIPANTS AND BENEFICIARIES,

    Plaintiffs,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,

    Defendant.
_____/

**JOINT STIPULATION
REGARDING CLASS CERTIFICATION**

    Dr. Terry Rzepkoski and Kristen Asselta ("Plaintiffs") and Nova Southeastern University, Inc. ("Defendant") (collectively, the "Parties"), through undersigned counsel, hereby stipulate and agree as follows (the "Stipulation"):

    WHEREAS, Plaintiffs filed their First Amended Complaint (ECF No. 24, the "Complaint") on May 5, 2023 on behalf of the Nova Southeastern University 401(k) Plan ("Plan"), and a proposed class of participants and beneficiaries of the Plan;

    WHEREAS, the Court denied Defendant's motion to for summary judgment on September 25, 2023 without prejudice (*see* ECF No. 55); and

    WHEREAS, the Parties have met and conferred regarding streamlining the litigation for purposes of the efficient management of the litigation.

    THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE COURT'S APPROVAL, AS FOLLOWS:

    1.    The following class ("Class") shall be certified to pursue the claims set forth in the Complaint:

        a.  All persons who were participants in or beneficiaries of the Plan, at any time

between June 15, 2016, and the present (the "Class Period").

2. The Class is numerous, as the Plan had thousands of participants during the Class Period.

3. At this time, the Parties agree there are common issues related to the Class as alleged in the Complaint as to (1) whether Defendant discharged its fiduciary duty of prudence under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the Plan concerning certain investments and recordkeeping fees; (2) whether the Plan and its participants and beneficiaries were injured by any breaches of duty; and (3) whether the Plan and its participants and beneficiaries are entitled to any recovery; and if so, (4) the measure of any such recovery.

4. At this time, the Parties agree that Plaintiffs are typical of other Class members with respect to the claims at issue in this litigation, as they participated in the Plan during the Class Period and were treated consistently with other Class members.

5. At this time, the Parties agree that Plaintiffs are adequate to represent the Class and have no known conflicts with any Class members. In addition, Plaintiffs have retained competent and experienced counsel, associated with Wenzel Fenton Cabassa, P.A. and McKay Law, LLC, on behalf of the Class. Neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this action. Plaintiffs and their counsel are adequate to represent the Class.

6. At this time, the Parties agree that certification of the Class is appropriate under Federal Rule of Civil Procedure 23(b)(1)(A) because prosecuting separate actions against Defendant would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

7. At this time, the Parties agree that certification of the Class is also appropriate under Federal Rule of Civil Procedure 23(b)(1)(B) because adjudications as to individual Class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

8. Plaintiffs may be appointed as Class representatives.

9. Wenzel Fenton Cabassa, P.A. and McKay Law, LLC may be appointed as Class counsel.

10. This Stipulation does not waive any affirmative defenses Defendant may have as to

any member of the Class or claims asserted in this action.  Any waiver of affirmative defenses deemed to be made by virtue of this Stipulation shall be consistent with, and limited by, the terms of this Stipulation.  Any such waiver would be deemed by the Parties to have been voided in the event that the Defendant exercises the options set forth in paragraph 11.

11.     This Stipulation is without prejudice to any party's ability to seek relief under Rule 23(c)(1)(C) at any time before final judgment, based on a good-faith belief that, because of changed circumstances or new information, the Class no longer satisfies the requirements of Rule 23(a) or 23(b)(1).  Such relief may include, without limitation, decertification, modification of the Class definition, or certification of sub-classes.

12.     Class certification has been granted in ERISA cases involving defined contribution plans in the Eleventh Circuit.  *See, e.g.*, *Stengl v. L3Harris Techs., Inc.*, No. 6:22-cv-572-PGB-LHP, 2023 U.S. Dist. LEXIS 140891, at *6 (M.D. Fla. June 5, 2023); *Henderson v. Emory Univ.*, No. 1:16-CV-2920-CAP, 2018 U.S. Dist. LEXIS 180349, at *31 (N.D. Ga. Sep. 13, 2018); *Goodman v. Columbus Reg'l Healthcare Sys.*, No. 4:21-CV-15 (CDL), 2023 U.S. Dist. LEXIS 134692, at *17 (M.D. Ga. Aug. 2, 2023); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, ECF No. 101 (N.D. Ga. Nov. 7, 2017); *Romano v. John Hancock Life Ins. Co. (U.S.A.)*, No. 19-21147-CIV, 2022 U.S. Dist. LEXIS 7966, at *45 (S.D. Fla. Jan. 14, 2022) (citing multiple cases).

13.     Similar stipulations regarding class certification also have been approved around the country in other ERISA cases involving defined contribution plans.  *See In re Biogen, Inc. ERISA Litig.*, No. 1:20-cv-11325-DJC, ECF No. 104 (D. Mass. Nov. 8, 2022); *In re MedStar ERISA Litig.*, No. 1:20-cv-01984-DLB, ECF No. 64 (D. Md. July 12, 2022); *Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427 (D. Md. May 17, 2019); *Reetz v. Lowe's Cos., Inc.*, No. 5:18-cv-00075, ECF No. 97 (W.D.N.C. 5:18-cv-00075); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, ECF No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, ECF No. 94 (D. Mass. June 25, 2019).

IT IS SO STIPULATED this 20th day of June, 2024.

| | |
|---|---|
| */s/ Brandon J. Hill* | */s/ Valerie L. Hooker* |
| Brandon J. Hill, Esq. | Valerie L. Hooker, Esq. |
| Florida Bar Number: 37061 | Florida Bar No. 113688 |
| Amanda E. Heystek, Esq. | Email: Valerie.Hooker@jacksonlewis.com |

| | |
|---|---|
| Florida a Bar Number: 0285020<br>WENZEL FENTON CABASSA, P.A.<br>1110 North Florida Ave., Suite 300<br>Tampa, Florida 33602<br>Email: *bhill@wfclaw.com*<br>Email: *lcabassa@wfclaw.com*<br>Email: *gnichols@wfclaw.com*<br><br>Michael C. McKay, Esq.*<br>MCKAY LAW, LLC<br>5635 N. Scottsdale Road, Suite 170<br>Scottsdale, Arizona 85258<br>Telephone: (480) 681-7000<br>Facsimile: (480) 348-3999<br>Email: *mmckay@mckaylaw.us*<br><br>*Attorneys for Plaintiffs and*<br>*the Proposed Class* | JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br><br>Howard Shapiro, Esq.*<br>Email: *Howard.Shapiro@jacksonlewis.com*<br>Alex E. Hotard, Esq.*<br>Email: *Alex.Hotard@jacksonlewis.com*<br><br>JACKSON LEWIS P.C.<br>601 Poydras Street, Suite 1400<br>New Orleans, Louisiana 70130<br>Telephone: (504) 208-1755<br>Facsimile: (504) 208-1759<br>Michael E. Holzapfel, Esq.*<br>Email: *Michael.Holzapfel@jacksonlewis.com*<br><br>JACKSON LEWIS P.C.<br>766 Shrewsbury Avenue<br>Tinton Falls, NJ 07724<br>Telephone: (732) 532-6148<br>Facsimile: (732) 842-0301<br><br>-and-<br><br>Richard A. Beauchamp, Esq.<br>Florida Bar No. 471313<br>Email: *rbeauchamp@panzamaurer.com*<br>Panza, Maurer & Maynard P.A.<br>2400 East Commercial Boulevard Suite 905<br>Fort Lauderdale, FL 33308<br>Telephone: (954) 390-0100<br>Attorneys for Defendant<br>*Admitted Pro Hac Vice<br><br>*Attorneys for Defendant* |

**Case No. 2:22-cv-61147-WPD**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document is being filed on June 20, 2024 on all counsel of record on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

                                          *s/ Valerie L. Hooker*  
                                          Valerie L. Hooker, Esq.

Case No. 2:22-cv-61147-WPD

## SERVICE LIST

Brandon J. Hill, Esq.
Florida Bar Number: 37061
Amanda E. Heystek, Esq.
Florida a Bar Number: 0285020
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Email: *bhill@wfclaw.com*
Email: *lcabassa@wfclaw.com*
Email: *gnichols@wfclaw.com*

Michael C. McKay, Esq.*
MCKAY LAW, LLC
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: *mmckay@mckaylaw.us*

*Attorneys for Plaintiffs and
the Proposed Class*

Valerie L. Hooker, Esq.
Florida Bar No. 113688
Email: *Valerie.Hooker@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

Howard Shapiro, Esq.*
Email: *Howard.Shapiro@jacksonlewis.com*
Alex E. Hotard, Esq.*
Email: *Alex.Hotard@jacksonlewis.com*
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

Michael E. Holzapfel, Esq.*
Email: *Michael.Holzapfel@jacksonlewis.com*
JACKSON LEWIS P.C.
766 Shrewsbury Avenue
Tinton Falls, NJ 07724
Telephone: (732) 532-6148
Facsimile: (732) 842-0301

-and-

Richard A. Beauchamp, Esq.
Florida Bar No. 471313
Email: *rbeauchamp@panzamaurer.com*
Panza, Maurer & Maynard P.A.
2400 East Commercial Boulevard Suite 905
Fort Lauderdale, FL 33308
Telephone: (954) 390-0100
Attorneys for Defendant
*Admitted Pro Hac Vice

*Counsel for Defendant*