UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 22-cv-61147-WPD

DR. TERRY RZEPKOSKI AND KRISTEN
ASSELTA, ON BEHALF OF THE NOVA
UNIVERSITY DEFINED CONTRIBUTION
PLAN, INDIVIDUALLY AND AS A
REPRESENTATIVE OF A CLASS OF
PARTICIPANTS AND BENEFICIARIES,

    Plaintiffs,

v.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,

    Defendant.
_____/

**OMNIBUS ORDER ON DEFENDANT'S MOTION TO CERTIFY ORDER DENYING APPEAL OF MAGISTRATE ORDER FOR INTERLOCUTUROY REVIEW AND DEFENDANT'S MOTION FOR STAY PENDING INTERLOCUTORY APPEAL**

THIS CAUSE is before the Court upon Defendant Nova Southeastern University, Inc. ("Defendant")'s Motion to Certify Order Denying Appeal of Magistrate Order for Interlocutory Review [DE 80] (the "Motion to Certify") and Defendant's Motion for Stay Pending Interlocutory Appeal [DE 81] (the "Motion to Stay") (collectively, the "Motions"), both filed April 30, 2024. The Court has carefully considered the Motions [DE's 80, 81], Plaintiffs' Responses [DE's 86, 87], Defendant's Replies [DE's 88, 89], the record, and is otherwise fully advised in the premises.

**I.    BACKGROUND**

Plaintiffs filed a Class Action Complaint on June 16, 2022, alleging that Defendant breached its fiduciary duties in administering the Nova Southeastern University 401(k) Plan (the "Plan") in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

1

("ERISA"). *See* [DE 1]. On July 29, 2022, the parties jointly moved to stay these proceedings pending exhaustion of the Plan's administrative remedies, which the Court granted. *See* [DE's 12, 13].

After exhausting the Plan's administrative process, Plaintiffs filed a First Amended Class Action Complaint. *See* [DE 24]. In response, Defendant filed an answer and motion for summary judgment. *See* [DE's 27, 28, 29, 30, 34 (sealed), 35 (sealed)]. Plaintiffs responded to the motion for summary judgment by requesting relief under Federal Rule of Civil Procedure 56(d) on grounds that summary judgment was premature without additional discovery. *See* [DE 49]. Defendant opposed Rule 56(d) relief. *See* [DE 53].

On September 25, 2023, the Court granted Plaintiffs Rule 56(d) relief and denied Defendant's motion for summary judgment without prejudice as premature. *See* [DE 55]. In doing so, the Court found "that some limited discovery beyond the administrative record may be appropriate in this action" but "[did] not attempt to delineate the parameters" of such discovery. *See id.* at p. 5. Instead, the Court directed the parties to confer in good faith to determine the parameters of any discovery, then file an appropriate discovery motion before the Magistrate Judge. *Id.*

On November 20, 2023, Defendant filed a Motion for Protective Order, seeking to limit discovery in this action to certain factors commonly referred to as the *Cerrito* factors, which stem from *Cerrito v. Liberty life Ins. Co.*, 209 F.R.D. 663 (M.D. Fla. 2002). *See* [DE 61]. These factors are:

> [1] the exact nature of the information considered by the fiduciary making the decision; [2] whether the fiduciary was competent to evaluate the information in the administrative record; [3] how the fiduciary reached its decision; [4] whether given the nature of the information in the record, it was incumbent upon the

2

fiduciary to seek outside technical assistance in reaching a "full and fair review" of the claim; and [5] whether a conflict of interest existed.

*Rhode v. CSX Transportation, Inc.*, No. 3:20-CV-480-J-34MCR, 2020 WL 10457820, at *2 (M.D. Fla. Oct. 20, 2020) (citing *Cerrito*, 209 F.R.D. at 664).

After briefing and oral argument, Magistrate Judge Hunt issued an Order denying Defendant's Motion for Protective Order on January 19, 2024. *See* [DE's 67, 68]. Therein, Judge Hunt held, in pertinent part, that "[g]iven … recent jurisprudence, … Plaintiffs should not be limited to the scope of the *Cerrito* factors. Although perhaps not entitled to full-blown merits discovery, Plaintiffs should nonetheless be allowed to inquire as to the rationales and justifications underlying the decisions at issue." *See* [DE 68] at pp. 4–5. Defendant appealed Magistrate Judge Hunt's Order, which the Court denied on April 12, 2024 on grounds that Defendant failed to meet its burden of demonstrating that Magistrate's Order was clearly erroneous or contrary to law. *See* [DE's 72, 79].

Defendant now requests that this Court certify for immediate appeal, pursuant to 28 U.S.C. § 1292(b), the Court's April 12, 2024 Order Denying Appeal of Magistrate Order [DE 79] and the following question:

> Because, under Eleventh Circuit jurisprudence, exhaustion of administrative remedies applies to cases alleging violation of ERISA's statutory obligations (e.g., breach of fiduciary duty) in the same way exhaustion of administrative remedies applies to ERISA benefits cases, after claim exhaustion occurs, is discovery in an ERISA statutory case limited to the evidence contained in the administrative record (and conflict of interest discovery) in the same way it is limited to an ERISA benefits case?

[DE 80] at p. 8. Defendant also requests that the Court stay proceedings pending interlocutory

3

appeal of the Court's April 14, 2024 Order.[1] *See* [DE 81]. The Motions are now ripe for review.

## II. DISCUSSION

28 U.S.C. § 1292(b) allows a district court to certify certain opinions for interlocutory appeal. For the Court to grant interlocutory review under § 1292(b), the movant must demonstrate that (1) the order presents a controlling question of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. *See McFarlin v. Conseco Svcs., LLC*, 381 F.3d 1251, 1255 (11th Cir. 2004). "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *In re Yormak*, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017). Only an "exceptional" case will be approved for an interlocutory appeal. *McFarlin*, 381 F.3d at 1256. The Court finds that such exceptional circumstances do not exist in this case.

First, "questions of first impression or the absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion." *Schultz v. Royal Caribbean Cruises, Ltd.*, No. 18-24023-CIV, 2020 WL 4905434, at *1 (S.D. Fla. July 22, 2020). "Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a 'substantial ground for dispute.'" *Id.* Thus, the fact that the Eleventh Circuit has not yet clarified the role of the administrative record in cases alleging violations of ERISA's statutory obligations does not, by itself, establish a substantial ground for difference of opinion. Moreover, Defendant has not directed the Court to any appellate decision

---

1 In the Motion to Stay, Defendant also requests that the Court stay proceedings pending resolution of Defendant's Motion to Certify. *See* [DE 81]. Because the Court addresses both Motions together, the request to stay pending resolution of Defendant's Motion to Certify is moot.

confining review to the administrative record on ERISA statutory claims, as Defendant requests here.

Second, Defendant has failed to demonstrate that certifying its question for interlocutory appeal would "materially advance the ultimate termination of the litigation." *McFarlin*, 381 F.3d at 1255. The Court understands that a favorable decision from the Eleventh Circuit could avoid unnecessary time and expense on discovery and may make resolution through summary judgment more likely. However, an interlocutory appeal, when coupled with the requested stay, would substantially delay these proceedings. This case has already dragged on for over two years, and such an appeal would ultimately prolong the resolution of the underlying ERISA claims. Accordingly, because Defendant has not overcome the strong congressional policy against piecemeal reviews, the Court will deny Defendant's Motion to Certify and the accompanying Moon to Stay.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Certify [DE 80] is **DENIED**; and
2. Defendant's Motion to Stay [DE 81] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of July 2024.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record
Magistrate Judge Hunt