# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| DR. TERRY RZEPKOSKI and KRISTEN ASSELTA, on behalf of Nova University Defined Contribution Plan, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>v.<br><br>NOVA SOUTHEASTERN UNIVERSITY,<br><br>   Defendant. | Case No. 0:22-cv-61147-WPD |

**DECLARATION OF AMERICAN LEGAL CLAIM SERVICES, LLC
REGARDING DUE DILIGENCE IN NOTICING**

I, Mark Unkefer, declare as follows:

1. I am a competent adult, over the age of eighteen, and this declaration is based on my personal knowledge.

2. I am a Case Manager for American Legal Claim Services, LLC ("ALCS").

3. **Class List Receipt and Processing:** On or about November 19, 2024, ALCS processed 6 data files to produce the mailing list ("Class List") containing 24,299 records with names, addresses, and account information. ALCS reviewed and processed the data. The files represented 12,239 class members after duplicates were merged for Noticing purposes. Throughout the noticing process, ALCS utilized several means of ensuring the most accurate mailing addresses for class members. These methods included National Change of Address through the USPS, skip-tracing, and manual updates from class members.

4. **Initial Class Notice:** On November 29, 2024, ALCS mailed the Notice of Settlement ("Notice"), substantially in the form approved by the Court (attached hereto as Exhibit A), to 12,239 class members. Additionally, ALCS emailed the Notice of Settlement to 8,502 Class members that had valid email addresses.

5. **Returned Mail Handling:** ALCS processed all Notices returned by USPS. A minority of the return mail included an updated address provided by USPS. For these, the class member addresses were updated, and the Notice was re-mailed to the updated address provided. The remainder of the mail returned by USPS did not contain an updated address ("UAA"). For these, ALCS conducted address searches using a nationally recognized location service to attempt to locate new addresses for these class members. Of the 12,239 Initial Notices mailed, 460 were returned by USPS as of the date of this declaration. Of those 460 returned, 212 were remailed to updated addresses. 26 of those remails were returned by USPS. 274 Notices were deemed undeliverable.

1

6. **Noticing Campaign Summary:** The following is a summary of the noticing, as of the date of this Declaration:

    - Total Class Members: 12,239
    - Initial Notices mailed via USPS: 12,239
    - Initial Notices also emailed: 8,502
    - Notices returned by USPS: 460
    - Notices remailed via USPS: 212
    - Remailed Notices returned by USPS: 26
    - Notices deemed undeliverable: 274
    - Percentage of Notices deemed delivered: **97.76%**

7. **Exclusions:** This class was preliminarily certified as a mandatory class.

8. **Objections:** The Notice instructed those who wish to object to the proposed settlement to send a written objection to the Court Clerk, Plaintiff's Counsel, and Defendant's Counsel. It further states that objections must be postmarked by January 29, 2025. As of the date of this declaration, ALCS is not aware of any objections to the proposed settlement.

9. **Website:** ALCS created a case website www.NovaSoutheasternERISASettlement.com that provided further information as stated in the Notice. The website contained sections for important Court documents, key dates, and answers to frequently asked questions. Class members also had an opportunity to update their address.

10. **Toll-Free Telephone:** ALCS established a toll-free telephone line (888-665-4545) for Class members to contact for additional information about the settlement.

I declare under penalty of perjury pursuant to the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge. Executed on January 9, 2025, in Jacksonville, Florida.

_____
Mark Unkefer

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| DR. TERRY RZEPKOSKI and KRISTEN ASSELTA, on behalf of Nova University Defined Contribution Plan, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NOVA SOUTHEASTERN UNIVERSITY, <br><br> Defendant. | **Case No. 0:22-cv-61147-WPD** |

**NOTICE OF CLASS ACTION CLASS ACTION SETTLEMENT AGREEMENT**

This notice advises you of the Settlement of Rzepkoski v. Nova Southeastern University, Case No. 0:22-cv-61147 (S.D. Fla.) (the "Action"). On June 16, 2022, Plaintiff Rzepkoski filed a Class Action Complaint asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132, for breach of fiduciary duties against Nova Southeastern University ("Defendant"). On May 5, 2023, Plaintiff filed a First Amended Class Action Complaint. The Settlement, if approved by the Court, would release Defendant and related parties from any claims filed against them in the Action. The terms and conditions of the Settlement are set forth in a Class Action Settlement Agreement (the "Settlement Agreement"). Capitalized terms used in this Notice but not defined in this Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement and additional information with respect to the Action and the Settlement are available at *www.NovaSoutheasternERISASettlement.com*.

The Parties have agreed to settle this case for $1,500,000.00 (the "Gross Settlement Amount"). Defendant also agreed to retain an ERISA Consultant to review the investments offered on the Nova Southeastern University 401(k) Plan's investment menu and to opine as to retaining or replacing said investments. Defendant further agreed to initiate Requests for Proposals as to recordkeeping services for the Nova Southeastern University 401(k) Plan. The Court has preliminarily approved the Settlement, which provides for allocation of Settlement funds to Settlement Class Members.

The Court has scheduled a hearing concerning Final Approval of the Settlement and Class Counsel's anticipated motion for attorney's fees and costs. That hearing, before the Honorable William P. Dimitrouleas is scheduled on March 7, 2025, at 10:30 a.m. in Courtroom 205B, at the U.S. District Court, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

If Final Approval is granted, the Settlement will bind you as a Member of the Settlement Class. You may appear at this hearing and/or object to the Settlement. Any objection to the Settlement and/or the motion for attorney's fees and costs, must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained below.

**YOUR LEGAL RIGHTS WILL BE AFFECTED WHETHER OR NOT YOU TAKE ANY ACTION. READ THIS NOTICE CAREFULLY. PLEASE DO NOT CONTACT DEFENDANT OR THE COURT. THEY WILL NOT BE ABLE TO ANSWER YOUR QUESTIONS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **You can do nothing.** (No action is necessary to receive a payment.) | If the Settlement is approved by the Court and you are a Member of the Settlement Class entitled to a payment under the Plan of Allocation, you need not do anything to receive a payment. |
| **You can submit an objection.** (It must be postmarked by **January 29, 2025**.) | If you wish to object to any part of the Settlement, you may write to the Court and Counsel and explain why. For more information and where to send your objection, see Question 13, below. |
| **You can appear at the Final Fairness Hearing on March 7, 2025.** | If you submit a written objection to the Settlement before the Court-Approved Deadline, you may (but do not have to) speak in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice. Information concerning your individual share of the Net Settlement Amount will not be available for a number of months *after* the Court grants Final Approval of the Settlement and any appeals are resolved. Thank you for your patience.

### SUMMARY OF CASE

As described in more detail below, Plaintiffs' First Amended Class Action Complaint (ECF No. 24) alleges that Defendant breached fiduciary duties owed to participants in and beneficiaries of the Nova Southeastern 401(k) Plan, and each of their predecessor plans or successor plans, individually and collectively, and any trust created and attendant to all such plans (collectively, the "Plan")[1] during the Class Period. Defendant denies these allegations and insists valid and lawful defenses exist. Copies of the Settlement Agreement and many other documents related to the Settlement are available at *www.NovaSoutheasternERISASettlement.com*.

### SUMMARY OF SETTLEMENT

The Settlement Agreement provides that Defendant will pay $1,500,000.00, which will be deposited into an account called the Qualified Settlement Fund. After payment of attorneys' fees and litigation costs, and any expenses related to administration of the Settlement, the amount remaining in the Qualified Settlement Fund shall constitute the Net Settlement Amount and will be allocated among Members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

### STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believe that the claims against Defendant are well-grounded in law and fact and that breaches of fiduciary duty under ERISA occurred in this case. However, as with any litigated case, Members of the Settlement Class would face an uncertain outcome if the Action were to continue against Defendant. Continued litigation of the Action could result in a range of possible recoveries, including a judgment or verdict greater or less than the recovery under the Settlement Agreement, or no recovery at

---

[1] The other Plans are Nova Southeastern University 401(k) Plan; the Nova Southeastern University 403(b) Plan; the Nova Southeastern University 457(b) Deferred Compensation Plan; the Nova Southeastern University Grande Oaks LLC 401(k) Plan; and the Nova Southeastern University Puerto Rico Plan.

all.

Class Counsel believe that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believe that the Settlement is preferable to continued litigation and is in the best interest of the Members of the Settlement Class because the Settlement provides certainty with respect to the amount of recovery and results in a prompt recovery.

Throughout this litigation, Defendant has denied and continues to deny the claims and contentions alleged by Plaintiffs. Defendant has strong and well thought-out defenses. Nevertheless, Defendant has concluded that it is desirable for the Action to be fully and finally settled as to it and the other Releasees on the terms and conditions set forth in the Settlement Agreement.

The Court has not ruled for either side. Both sides agreed to the Settlement to ensure a resolution and avoid the cost and risk of further litigation.

**STATEMENT OF FEES AND EXPENSES INCURRED BY AN INDEPENDENT FIDUCIARY AND THE SETTLEMENT ADMINISTRATOR**

An Independent Fiduciary is evaluating the Settlement and will be asked to authorize the Settlement on behalf of the Plan. The fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants, attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of evaluating and authorizing the Settlement on behalf of the Plan, up to $25,000, will be deducted from the Gross Settlement Amount.

A Settlement Administrator has been engaged to mail the notice to the Members of the Settlement Class, administer the Settlement, and allocate the Net Settlement Amount among Members of the Settlement Class. The fees and expenses for the Settlement Administrator will be paid from the Gross Settlement Amount.

**STATEMENT OF ATTORNEY'S FEES AND EXPENSES SOUGHT IN THE ACTION**

Class Counsel will submit a fee petition to the Court in which they will ask the Court to award them attorneys' fees in an amount not to exceed 33% of the Gross Settlement Amount, plus reimbursement of out-of-pocket costs and expenses advanced by Class Counsel and reasonably incurred in prosecuting the Action.

**QUESTIONS AND ANSWERS**

**1. Why did I receive a notice in the mail?**

You received this Notice because you or someone in your family is or may have been a participant in or a beneficiary of the Plan at some time between April 1, 2016 and September 30, 2024.

The Court ordered this notice to be sent to you because you have a right to know about the Settlement and all the options available to you regarding the Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Members of the Settlement Class according to a Court-approved Plan of Allocation.

The Court in charge of this case is the United States District Court for the Southern District of Florida, Ft. Lauderdale Division. The individuals who sued are called the "Plaintiffs," and the parties they sued are called the "Defendant." The legal action that is the subject of this notice and the Settlement is titled Rzepkoski v. Nova Southeastern University, Case No. 0:22-cv-61147 (S.D. Fla.).

**2. What is the Action about?**

The Action claims that the Defendant was a fiduciary to the Plan and violated fiduciary duties of prudence under ERISA that it owed to the Plan's participants and beneficiaries. Plaintiff alleges Defendant

breached certain fiduciary duties by causing the Plan to incur higher administrative fees and expenses than reasonable and necessary. Plaintiffs also allege Defendant breached certain fiduciary duties by selecting and continuing to offer certain investment options to the Plan participants under the Plan's investment lineups. In the Complaint, Plaintiffs have asserted causes of action for losses they contend were suffered by the Plan as the result of these alleged breaches of fiduciary duty by Defendant.

Defendant denies each and every allegation of wrongdoing made in the operative Complaint and contends that it has no liability in the Action. Defendant specifically denies the allegations that it breached any fiduciary duty or any other provisions of ERISA in connection with the administrative fees or expenses incurred by the Plan, or the investments in the Plan, and further deny that it in any way failed to act prudently or loyally to the Plan's participants and beneficiaries.

### 3. Why is this case a class action?

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of a large number of people who have similar claims. All the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order setting the Final Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action.

The Class Representatives in this Action, Dr. Terry Rzepkoski and Kristen Asselta, were participants in the Plan during the Class Period and are referred to as the "Plaintiffs."

### 4. Why is there a settlement?

The Court has not reached any final decision in connection with Plaintiffs' claims against the Defendant. Instead, Plaintiffs and Defendant have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time, and disruption of prolonged litigation and trial.

Class Counsel believe that the Settlement is the best option for the Settlement Class Members, as described above in the section entitled "Statement of Potential Outcome of the Action."

### 5. How do I know whether I am part of the Settlement Class?

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who fits the following description:

> All persons who were participants in or beneficiaries of the Plan at any time during the Class Period.

The "Class Period" is defined as April 1, 2016 through September 30, 2024. A person was a participant in or beneficiary of the Plan during the Class Period if they had an account balance in the Plan during such period.

**THE SETTLEMENT BENEFITS**

### 6. What does the Settlement provide?

The Settlement provides that Defendant will pay $1,500,000.00 (the "Gross Settlement Amount") into an account at a financial institution identified by Class Counsel and/or the Settlement Administrator. The net amount of the Gross Settlement Amount, after payment of Court-approved attorneys' fees and costs, and any expenses incurred administrating the Settlement, will be allocated to the Members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

### 7. How much will my payment be?

If you qualify, you will receive a *pro rata* share of the Net Settlement Amount. Class Counsel

will file a detailed Plan of Allocation in advance of the Final Fairness Hearing. The Plan of Allocation will describe the manner in which the Net Settlement Amount will be distributed to Members of the Settlement Class. In general terms, the Plan of Allocation will provide that each Settlement Class Member's share of the Net Settlement Amount will be calculated as follows:

A. The Settlement Administrator will calculate an average account balance for each Settlement Class Member based on his or her total annual-ending account balance invested in the Plan for the Class Period ("Average Account Balance").

B. The Settlement Administrator will sum the Average Account Balances for all Settlement Class Members.

C. The Settlement Administrator will then determine the total settlement payment available to each Settlement Class Member by calculating each such person's pro-rata share of the Net Settlement Amount based on his or her Average Account Balance compared to the sum of the Average Account Balances for all Settlement Class Members.

D. If the dollar amount of the settlement payment to a Settlement Class Member is calculated by the Settlement Administrator to be less than $50.00, then that Settlement Class Member's payment or pro rata share shall be zero for all purposes.

E. The Settlement Administrator's calculations regarding settlement payments will be final and binding under the Court-approved Plan of Allocation.

### 8. How can I get a payment?

If the Settlement is given final approval, you will **not** have to do anything to get a payment from the Settlement if you are entitled to one under the Plan of Allocation.

### 9. When will I get my payment?

The balance of the Net Settlement Amount will be allocated to Members of the Settlement Class pursuant to the Plan of Allocation after final approval has been obtained for the Settlement, including any appeals. Any appeal of the final approval may take a year or more. Please be patient.

**There will be no payments if the Settlement is terminated.**

The Settlement may be terminated on several grounds, which are described in the Settlement Agreement. In the event any of these conditions occur, there will be no Settlement payment made, and the litigation will resume.

### 10. Can I opt out of the Settlement?

No. In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. Because of the legal issues involved in the Action, however, the class of participants affected by this Settlement has been preliminarily certified as a mandatory class. This means you cannot opt out of the benefits of the Settlement in order to pursue your own claims or for any other reason. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and if the Settlement is approved, you will be deemed to have released Defendant from any and all claims that were or could have been asserted in this case on your behalf or on behalf of the Plan or that are otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement, as described below.

## THE LAWYERS REPRESENTING YOU

**11. Do I have a lawyer in the Action?**

The Court has preliminarily designated Wenzel Fenton Cabassa, P.A., and McKay Law, LLC, as Class Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

**12. How will the lawyers be paid?**

Class Counsel will file a petition for an award of attorneys' fees and expenses by January 14, 2025, after which a copy will be posted on the settlement website *www.NovaSoutheasternERISASettlement.com*. This petition will be considered at the Final Fairness Hearing. Class Counsel have agreed to limit their application for an award of attorneys' fees to not more than 33% of the Settlement Amount, plus out-of-pocket costs.

You have the right to object to this aspect of the Settlement even if you approve of the other aspects of the Settlement.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

**13. How do I tell the Court that I object to the Settlement?**

If you are a Member of the Settlement Class, you can object to the Settlement if you disagree with any part of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a letter or other written filing saying that you object to the Settlement. Be sure to include the following case caption and notation of: *Rzepkoski v. Nova Southeastern University*, Case No. 0:22-cv-61147 (S.D. Fla.)." In addition, your objection must also include your name, address, telephone number, signature, and the reasons why you object to the Settlement. Any objection must be signed by the Settlement Class member even if an attorney is retained by the Settlement Class member. **Mail the objection to each of the addresses listed below, postmarked no later than January 29, 2025. You must mail your objection by this date. If you fail to do so, the Court will not consider your objections.** If you plan to speak at the Fairness Hearing, you must send a Notice of Intention to Appear along with your objection, as described below:

| COURT CLERK | PLAINTIFFS' COUNSEL | DEFENDANT'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>Judge William P. Dimitrouleas<br>299 E. Broward Blvd.<br>Courtroom 205B<br>Fort Lauderdale, FL 33301 | Wenzel Fenton Cabassa, P.A.<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602 | Howard Shapiro<br>Jackson Lewis P.C.<br>601 Poydras St.<br>Suite 1400<br>New Orleans, LA 70130 |

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Final Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Final Fairness Hearing on March 7, 2025 at 10:30 a.m. at the U.S. District Court Courthouse, 299 East Broward Boulevard, Courtroom 205B, Fort Lauderdale, Florida 33301. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and

adequate. If there are objections, the Court will consider them. After the Final Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorney's fees and expenses.

**15. Do I have to come to the hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to attend the Fairness Hearing and voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

**16. May I speak at the hearing?**

Only if you have previously filed an objection to the Settlement may you ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Final Fairness Hearing," in *Rzepkoski v. Nova Southeastern University*, Case No. 0:22-cv-61147 (S.D. Fla.). Be sure to include your name, address, telephone number, and signature. Your Notice of Intention to Appear must be postmarked no later than January 29, 2025 and be sent to the Clerk of the Court, Class Counsel, and Defendant's counsel at the addresses listed above.

## IF YOU DO NOTHING

**17. What happens if I do nothing at all?**

If you do nothing and you are a Member of the Settlement Class and the Settlement is approved, you will participate in the Settlement of the Action as described in this notice.

## GETTING MORE INFORMATION

**18. Are there more details about the Settlement?**

This notice summarizes the proposed Settlement. The complete Settlement is set forth in the Settlement of Class Action Settlement Agreement. You may obtain a copy of the Settlement Agreement on the settlement website, www.NovaSoutheasternERISASettlement.com, or you may request one be emailed to you by contacting the Settlement Administrator at telephone: 888-665-4545 or email: info@novasoutheasternerisasettlement.com.

**19. How do I get more information?**

Class Counsel may be reached at: Brandon J. Hill, Wenzel Fenton Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602; telephone: (813) 224-0431, email: bhill@wfclaw.com; or Michael McKay, McKay Law, LLC, 5635 N. Scottsdale Road, Suite 170, Scottsdale, Arizona 85250, telephone: (480) 681-7000. You may also contact the Settlement Administrator at 888-665-4545 or by email at info@novasoutheasternerisasettlement.com. Documents are available at the office of the Clerk located at the U.S. District Court Courthouse, 299 East Broward Boulevard, Courtroom 205B, Fort Lauderdale, Florida 33301, and online at www.NovaSoutheasternERISASettlement.com.