UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DR. TERRY RZEPKOSKI and KRISTEN ASSELTA, on behalf of Nova University Defined Contribution Plan, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

NOVA SOUTHEASTERN UNIVERSITY,

    Defendant.

Case No. 0:22-cv-61147-WPD

## FINAL APPROVAL ORDER AND FINAL JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Settlement Final Approval, filed on January 21, 2025. A final fairness hearing, held on March 7, 2025, on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes. The Court has reviewed the Motion, notes the absence of any objection, and is otherwise fully advised in the premises. Accordingly, Plaintiff's Motion for Settlement Final Approval [DE 103] is hereby **GRANTED**, and the Court enters Final Judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Class Action Settlement Agreement ("Settlement Agreement") executed on October 18, 2024.

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Members of the Settlement Class.

In the absence of any objection from any party, the Court hereby **APPROVES** and

**CONFIRMS** the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Settlement Agreement as its Judgment, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiffs Dr. Terry Rzepkoski and Kristen Asselta ("Plaintiffs") have asserted claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Nova University Defined Contribution Plan ("Plan") against Nova Southeastern University ("Defendant").

The Court determines that the Settlement Agreement, which requires the payment of $1,500,000.00 on behalf of Defendant, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Settlement Class. The Court further finds that the Settlement Agreement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plan's participation in the Settlement is on terms no less favorable than Plaintiffs' and the Settlement Class's and that the Plan does not have any additional claims above and beyond those asserted by Plaintiffs that are released as a result of the Settlement Agreement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, and the Plan's participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the

Settlement by Plaintiffs on behalf of the Plan and the Settlement Class does not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. § 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All persons who were participants or beneficiaries of the Plan at any time during the Class Period.

The "Class Period" shall be defined as April 1, 2016 through and including September 30, 2024. A person was a participant in or beneficiary of the Plan during the Class Period if they had an account balance in the Plan during such period.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior

appointment of Wenzel Fenton Cabassa, P.A., and McKay Law, LLC as Class Counsel.

As of the date of Settlement Effective Date and payment of the Gross Settlement Amount, Plaintiffs, the Plan, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Settlement Effective Date and payment of the Gross Settlement Amount, Defendant, including its present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Plaintiffs Released Parties from any claims that may have arisen out of this Action.

As of the date of Settlement Effective Date and payment of the Gross Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiffs assumes for themselves, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that the Parties have fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All members of the Settlement Class and the Plan are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The Plan of Allocation for the Settlement is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. This Action is hereby **DISMISSED WITH PREJUDICE;**
2. The Clerk is **DIRECTED** to **CLOSE** this case;
3. Plaintiff's Motion for Attorney Fees and Costs [DE 102] remains open and pending. The Court retains jurisdiction for the purpose of resolving this Motion.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida this 11th day of March 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Cc: Counsel of record